UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| FELICIA NORRIS, | } |
| Plaintiff, | } } } |
| v. | } Case No.: 1:11-cv-03154-RDP |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | } } } } |
| Defendant. | } |

## MEMORANDUM OPINION AND ORDER

This case is before the court on Plaintiff's Motion and Petition for Authorization of Attorney's Fees (Doc. # 13). Plaintiff requests approval of $5,164.00 as attorney fees for legal services rendered to Plaintiff in connection with his claim before this court. Defendant does not oppose Plaintiff's Motion for attorney's fees in this amount. (Doc. # 15). There being no objection to the award and for the reasons outlined below, Plaintiff's Motion (Doc. # 13) is due to be granted.

A court may award a reasonable fee of up to twenty-five percent of past-due benefits to a successful plaintiff's attorney as compensation for representation. 42 U.S.C. § 406(b)(1)(A). The fee award is deducted from the plaintiff's past-due benefits. However, a court must review contingency-fee arrangements between an attorney and a plaintiff within the twenty-five percent boundary to ensure that the contingency fee is for a reasonable amount. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The Supreme Court in *Gisbrecht* noted certain factors that courts should consider when determining the reasonableness of a § 406(b) fee, such as the character of the attorney's representation, the results achieved, and whether the attorney was responsible for

any delay. *Id*. at 808. Section 406(b) does not displace contingency-fee arrangements that are within the statutory ceiling, but if the fee award is "large in comparison to the amount of time counsel spent on the case, a downward adjustment is [] in order." *Id*. at 808-09. "Cases decided since *Gisbrecht* have generally been deferential to the terms of contingent fee contracts, accepting de facto hourly rates that exceed those for non-contingent fee cases." *See, e.g., Horne v. Astrue*, 2011 WL 6258837, at *3 (N.D. Fla. Nov. 8, 2011).

Plaintiff and her attorney entered into a fee agreement that called for a fee of twenty-five percent of Plaintiff's past-due benefits. (Doc. # 13-3). The Secretary initially withheld $10,464.00, which is equal to 25% of Plaintiff's total past-due benefits. (Doc. # 13-1). EAJA fees of $5,300.00 have been previously paid to Plaintiff's counsel. (Doc. # 13-1).

Plaintiff's counsel has spent a total of 20.2 hours representing Plaintiff in connection with her claim for Social Security Disability Benefits before this court, not including time spent before the Administrative Law Judge and Appeals Council. (Docs. # 13 at 2, 13-2).

The current Petition seeks approval of an additional $5,164.00 fee in this matter. This amount does not exceed 25% of Plaintiff's total past-due benefits and comports with the contingency-fee agreement. Importantly, Defendant does not oppose this petition for attorney's fees. (Doc. # 15).

Therefore, Plaintiff's Motion (Doc. # 13) is **GRANTED** and Plaintiff's counsel is **AWARDED $5,164.00** to be paid out of Plaintiff's past-due benefits.

**DONE** and **ORDERED** this June 27, 2017.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE